IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**DANIEL G. JONES,**

    Plaintiff,

vs.                                                                             Case No. 4:11cv482-MP/WCS

**EDWIN BUSS, Secretary,**
**Florida Department of Corrections,**

    Defendant.

                                                    /

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se*, has filed a motion seeking leave to proceed *in forma pauperis*, doc. 2, and a complaint under 42 U.S.C. § 1983. Doc. 1. The complaint has been reviewed pursuant to 28 U.S.C. § 1915A along with the *in forma pauperis* motion.

Plaintiff's *in forma pauperis* motion fails to provide a printout of his inmate bank account. The motion is, therefore, deficient and could not be granted without information on funds in Plaintiff's bank account. Nevertheless, Plaintiff did not use a complaint form which is required for all *pro se* prisoners. Doc. 1. Plaintiff wrote his complaint on regular paper instead of the court form, and he did so without disclosing all

his prior actions.  Had Plaintiff properly listed all civil cases he had filed, and disclosed those cases which were dismissed under 28 U.S.C. § 1915(e), it would have been easier to determine that *even if* Plaintiff had properly submitted the required information concerning his inmate bank account, the *in forma pauperis* motion could not be granted.

Plaintiff has filed numerous cases in the federal District Courts of Florida, which he fails to disclose.[1]  On February 3, 2006, this Court dismissed a prior civil rights action, case 4:05cv 475, filed by Plaintiff for failure to state a claim.  That case counts as one strike.  Plaintiff also had filed case 3:01cv493 in this Court, and it was dismissed on February 14, 2002, for failure to state a claim.  That is a second strike.  In the Southern District, Plaintiff filed case 1:07cv23047 which was dismissed for failure to state a claim.  That case counts as Plaintiff's third strike.

Plaintiff also attempted to file case 9:09cv81304 in the Southern District of Florida as a civil rights case.  The Court denied Plaintiff *in forma pauperis* status based on his having already accumulated three strikes under 28 U.S.C. § 1915(g) and that case was dismissed on December 21, 2009.  Thus, Plaintiff is well aware that he cannot be granted *in forma pauperis* status unless he is under imminent danger of serious physical injury.  He is not.  This case is another inappropriate attempt by Plaintiff to collaterally challenge his conviction.

The Prison Litigation Reform Act of 1995 (PLRA), which was enacted on April 26, 1996, provides that a prisoner may not bring a civil action *in forma pauperis* under 28 U.S.C. § 1915:

---

[1] Plaintiff's case could be dismissed as abuse of the judicial process for failure to make full and complete disclosure of all Plaintiff's prior cases.  He is warned that he must do so in the future, should he file any additional civil rights cases.

Case No. 4:11cv482-MP/WCS

if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff has had three or more prior prisoner actions dismissed on the grounds that they were either frivolous, malicious, or failed to state a claim.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion to proceed *in forma pauperis*, doc. 2, be **DENIED** pursuant to 28 U.S.C. § 1915(g), and Plaintiff's complaint, doc. 1, be **DISMISSED without prejudice.**

**IN CHAMBERS** at Tallahassee, Florida, on October 3, 2011.


 S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**